IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GEORGE P. GOODMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Civil Case No.   03-202-WDS |
| | ) |
| DONALD SNYDER, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

**FRAZIER, Magistrate Judge:**

Before the Court are pending motions. The first item considered is plaintiff's Rule 56(f) motion, which challenges defense efforts to obtain judgment based on evidence that was not disclosed, on request, during discovery (Doc. No. 81). Defendants seek permission to rely on information that is relevant to plaintiff's claim for injunctive relief and which was obtained when they started to prepare their cross-motion for summary judgment (Doc. No. 84).

Rule 56(f) provides that the Court may refuse an application for summary judgment or make such other order as is just when the opposing party's affidavit shows that facts essential to justify the party's opposition cannot be presented. Fed. R. Civ. P. 56(f). Plaintiff's motion is also considered under Rule 37, which provides that a party who fails, without substantial justification, to amend a prior response to discovery is not permitted to use the evidence unless such failure is harmless. Fed. R. Civ. P. 37(c)(1).

Defendants' failure to supplement discovery responses interfered with plaintiff's ability to evaluate and oppose evidence essential to Counts I and III. The deadline for exchanging discovery closed before plaintiff had access to specific facts and opinions suggesting that confiscation of his religious medallion was and continues to be a rational response to the legitimate goal of maintaining prison security and/or the least restrictive alternative to satisfy a compelling interest. However,

because other discovery responses notified plaintiff that the pentacle is used as a gang identifier, the Court declines to exclude the evidence from summary judgment proceedings.

Plaintiff's motion (Doc. No. 81) is GRANTED as follows. Discovery is REINSTATED through July 29, 2005, limited to the issue of security concerns regarding inmate possession of a pentacle medallion at Menard Correctional Center. Plaintiff may supplement his response to defendants' cross-motion for summary judgment by August 8, 2005. Because the Court is not persuaded that failure to supplement discovery responses was justified due to lack of access to witness statements, discovery sanctions are imposed pursuant to Rule 37(c)(1). Within 30 days, defendants shall pay plaintiff's reasonable expenses in preparing a response to defendants' cross-motion for summary judgment and in preparing his Rule 56(f) motion. Furthermore, defendants shall respond to plaintiff's future discovery requests within 20 days and shall not file a reply to plaintiff's supplemental response.

Also pending is plaintiff's motion for appointment of counsel (Doc. No. 82). Upon consideration of all relevant factors, the Court finds that plaintiff has meaningful access to relevant facts and documents and is competent to represent himself through the pretrial phase of the proceedings. This motion (Doc. No. 82) is DENIED.

SO ORDERED:   June 17, 2005   .

*s/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**