IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GEORGE P. GOODMAN, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 03-CV-202-WDS |
| | ) | |
| ROGER E. WALKER, JR., CHARLES | ) | |
| HINSLEY, EUGENE McADOREY, | ) | |
| TOM MAUE,STEVE KEIM, and | ) | |
| MAVIS GROSS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion for a permanent injunction (Doc. 152) to which the defendants have filed a reply (Doc. 160).

Plaintiff filed suit in this action alleging that the defendants violated his constitutional rights when they would not allow him to wear a pentacle, a religious medallion, in violation of the Religious Land Use and Institutionalized Persons Act (RLUIPA) 42 U.S.C. §2000cc, et. al. Specifically, Count I alleges that defendants Maue and Keim violated his constitutional right to freely exercise his religion under the First and Fourteenth Amendments by confiscating his pentacle medallion; Count II alleges that the defendants violated his rights under the Fourteenth Amendment by denying him access to the Courts and Count III alleges that defendants Walker, Hinsley, Maue, Keim and Gross violated his rights under the RLUIPA.

On December 2, 2004, the Court entered a preliminary injunction directing the Department of Corrections to return the plaintiff's medallion; to allow him to wear it while in his cell; and, to allow him to wear it under his shirt when outside of his cell (Doc. 71). On

December 14, 2004, the Court dismissed Count II (Doc. 72).  On March 8, 2006, the Court granted plaintiff's motion for partial summary judgment against the defendants Walker, Hinsley, Maue, Keim and Gross on Count III, on plaintiff's claim that the named defendants had, by confiscating his pentacle and restricting his use of it,  violated the RLUIPA.  The issue of damages remained with respect to Count III.  The Court dismissed all claims against defendant Mavis Gross at the close of the plaintiff's case.

On the morning of trial, plaintiff dismissed the claims in Count I, and elected to proceed only on the issue of damages with respect to his claim in Count III that the defendants Maue and Keim violated his constitutional rights under the RLUIPA.   The jury returned a verdict of $1.00 in compensatory damages against the defendants, but assessed zero dollars in punitive damages against each defendant.   The only remaining issue, therefore, is that related to the issuance of a permanent injunction in light of the jury verdict and the record.  The Court notes that plaintiff initially sought injunctive relief against only defendants Roger E. Walker, Jr. and Charles Hinsley.  Hinsley was voluntarily dismissed by the plaintiff on July 6, 2007 (See Docs. 143, 144.)

Plaintiff seeks a permanent injunction allowing him the right to wear his pentacle.  The defendants assert that any injunctive relief should be directed only to defendant Walker, and that any injunctive relief granted should be narrowly tailored.[1]   In light of the injunctive relief sought by plaintiff, only defendant Walker is subject to the Court's Order granting plaintiff's motion for injunctive relief.

The Supreme Court has held:

---

[1] Walker continues to maintain his position that plaintiff's rights under the RLUIPA were not violated and that no injunctive relief should be issued.  To the extent this is a motion for reconsideration, that motion is **DENIED**.

> According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. A plaintiff must demonstrate: (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. See, *e.g., Weinberger v. Romero-Barcelo,* 456 U.S. 305, 311-13 (1982); *Amoco Prod. Co. v. Gambell,* 480 U.S. 531, 542 (1987).

*eBay Inc. v. MercExchange, L.L.C.*, 126 S. Ct. 1837, 1839 (2006).  The decision to grant permanent injunctive relief is a discretionary act, which is reviewed on appeal for abuse of discretion. See, *e.g., Romero-Barcelo,* 456 U.S. at 320.

In light of the jury verdict, and the Court's prior rulings in this case, the Court **FINDS** that the plaintiff has established that he has suffered an irreparable injury as a result of his inability to exercise his religion by wearing his pentacle.  The Court **FURTHER FINDS** that the remedies available at law are inadequate to compensate for that injury, and that, therefore, a remedy in equity is warranted to allow plaintiff the ability to practice his religion while incarcerated in the Department of Corrections. Finally, the Court **FINDS** that the public interest would be best served in this case by the issuance of a permanent injunction allowing plaintiff to wear his pentacle while incarcerated.

Therefore, upon review of the record, the Court **HEREBY ENTERS** the following permanent injunction against the defendant Roger E. Walker, his agents, employees and anyone under his direction at the Illinois Department of Corrections:

The defendant, Roger E. Walker, is hereby **PERMANENTLY** enjoined from precluding the plaintiff, George P. Goodman, Jr., who, while in the custody of the Illinois Department of

Corrections, from wearing his silver and black pentacle,[2] which is a religious symbol of his participation in Wicca, a polytheistic religion, on a chain around his neck.  Plaintiff shall be required to keep his pentacle medallion under his shirt when outside of his cell, but shall be allowed to wear it outside of his shirt when in his personal cell.

**IT IS SO ORDERED.**

**DATED: August 13, 2007.**

                 <u>s/ WILLIAM D. STIEHL</u>
                 **DISTRICT JUDGE**

---

[2]Plaintiff's pentacle is 1 3/16th inches, which is smaller than two inches, which complies with IDOC rules which allow religious symbols of up to two inches.  The defendant would have the Court restrict the plaintiff's ability to wear his pentacle if he were to be transferred to an institution (like Menard Correctional Center – which has a one inch size limitation) with a limitation smaller than 1 3/16th inches on religious symbols. In light of the restrictions placed upon the plaintiff's ability to wear his pentacle, as set forth above, the Court **REJECTS** defendant's request that the IDOC have the ability to confiscate the plaintiff's pentacle if he is housed at an institution with a smaller religious symbols limitation than 1 3/16th inches, and will not impose that as a condition of this permanent injunction.