IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GEORGE P. GOODMAN, JR., #N-60799,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 03-CV-202-WDS |
| ) | |
| **ROGER E. WALKER JR., CHARLES** ) | |
| **HINSLEY, EUGENE McADORY,** ) | |
| **TOM MAUE, STEVE KEIM and** ) | |
| **MAVIS GROSS,** ) | |
| ) | |
| Defendants. ) | |

### MEMORANDUM & O R D E R

**STIEHL, District Judge:**

Before the Court is plaintiff's motion for attorney's fees (Doc. 164), to which defendants have filed a response (Doc. 167), and plaintiff a reply (Doc. 170). Also before the Court is plaintiff's motion for out-of-pocket expenses (Doc. 166), to which defendants have not filed a reply.

### I. Attorney's Fees

Plaintiff filed suit against defendants under 42 U.S.C. § 1983. The jury returned a verdict in favor of plaintiff and against defendants, awarding plaintiff $1.00. Plaintiff seeks $24,175.00 in attorney's fees (Doc. 167), asserting that he is entitled to an award of attorney's fees pursuant to 42 U.S.C. § 1988(b). Plaintiff acknowledges that the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(d)(2), limits attorney's fees to 150% of the amount recovered, but argues that this limitation does not apply when the court grants injunctive relief in addition to monetary relief.

Defendants object to an award of attorney's fees in this case and, in the alternative, to the

amount of the award that plaintiff seeks.  Defendants argue that the Court of Appeals for the Seventh Circuit has not addressed whether the PLRA's fee cap applies when the court grants injunctive relief in addition to monetary relief.  *Pearson v. Welborn*, 471 F.3d 732, 744 (7th Cir. 2006).  The First, Sixth, Eighth and Ninth Circuits either have refused to apply the § 1997e(d)(2) attorney's fees cap in situations where the court awards non-monetary relief in addition to monetary relief, or have expressed an intention to so limit application of that provision.[1]  The Court is sufficiently persuaded by this authority and follows the approach adopted in those circuits.  Accordingly, the Court FINDS that the fee limitation provision in 42 U.S.C. § 1997e(d)(2) does not limit the award this Court can give to plaintiff's attorney for obtaining injunctive relief for his client.

Defendants assert that the fee award plaintiff seeks is disproportionate to the injunctive relief that plaintiff obtained – the right to wear a religious medallion under his shirt.  In addition, defendants argue that, other than preparing and submitting a two-page motion for injunctive relief, the majority of plaintiff's attorney's work consisted of preparing for and conducting a trial on damages.  The Court notes that plaintiff also submitted a two-page memorandum in support

---

[1] In *Boivin v. Black*, the First Circuit Court of Appeals stated that "[i]n a case in which the court orders non-monetary redress (say, an injunction) along with a monetary judgment, the fee cap contained in section 1997e(d)(2) would not restrict the total amount of attorneys' fees that the court could award.").  225 F.3d 36, 41 n.4 (1st Cir. 2000).  In *Walker v. Bain*, the Sixth Circuit Court of Appeals cautioned that "if non-monetary relief is obtained, either with or without money damages, § 1997e(d)(2) would not apply."  257 F.3d 660, 667 n.2 (9th Cir. 2003)(citing *Boivin*, 225 F.3d at 41 n.4).  In *Foulk v. Charrier*, the Eighth Circuit Court of Appeals stated that "if non-monetary relief is ordered (whether with or without a monetary award), the attorney's fees cap in 42 U.S.C. § 1997e(d)(2) does not apply." 262 F.3d 687, 703 n.17 (8th Cir. 2001).  Finally, in *Dannenber v. Valadez*, the Ninth Circuit Court of Appeals stated that:

> 'whenever a monetary judgment is awarded,' subsection [1997e](d)(2) caps attorneys' fees incurred for the sole purpose of securing the monetary judgment.  By contrast, fees incurred to obtain injunctive relief, whether or not monetary relief was also obtained as a result of those fees, are not limited by this provision.  Construing the fee limitation this way frees district courts to 'take into account all the provisions of section 1997e(d),' *Boivin*, 225 F.3d at 41 n.4, to award fees in an amount proportional to the overall relief obtained while honoring the cap on fees incurred to obtain money damages.

338 F.3d 1070, 1074-75 (9th Cir. 2003).

of his motion. Plaintiff argues that the expenses his attorney incurred obtaining injunctive relief are inseparable from those incurred at the trial on damages.

Before addressing the parties' arguments, the Court notes that § 1997e(d)(1)(A) prohibits the Court from awarding attorney's fees, except those that the plaintiff's attorney "*directly and reasonably incurred* in proving an actual violation of the plaintiff's rights protected by a statute pursuant to which a fee may be awarded." (emphasis added). Upon review of the record, the Court **FINDS** that plaintiff has failed to demonstrate that his attorney "directly and reasonably incurred" the fees detailed in the following billing entries in direct pursuit of his claim for injunctive relief. The Court notes that these fees are related to the damages portion of the trial, for which plaintiff's attorney can receive 150% of the award. The jury awarded plaintiff $1.00 and, therefore, the total amount of attorney's fees available is $1.50. Accordingly, the Court cannot award the following trial related fees:

| Date | Time | Date | Time | Date | Time | Date | Time |
| --- | --- | --- | --- | --- | --- | --- | --- |
| 2/12/07 | 1.2 | 1/18/07 | 0.9 | 2/27/07 | 2.7 | 7/3/07 | 2.8 |
| 3/1/07 | 1.0 | 1/22/07 | 1.0 | 3/16/07 | 0.3 | 7/3/07 | 1.2 |
| 3/1/07 | 0.2 | 1/22/07 | 0.3 | 3/16/07 | 0.1 | 7/3/07 | 0.2 |
| 6/26/07 | 0.6 | 1/22/07 | 0.4 | 4/27/07 | 3.2 | 7/3/07 | 5.4 |
| 6/27/07 | 2.6 | 1/23/07 | 0.2 | 4/27/07 | 0.6 | 7/6/07 | 12.7 |
| 7/3/07 | 2.3 | 1/26/07 | 0.3 | 4/27/07 | 0.9 | 7/6/07 | 3.9 |
| 7/5/07 | 0.6 | 2/2/07 | 0.5 | 5/23/07 | 0.3 | 7/10/07 | 15.2 |
| 7/5/07 | 1.7 | 2/8/07 | 2.1 | 6/20/07 | 0.2 | 7/10/07 | 7.0 |
| 7/5/07 | 0.4 | 2/9/07 | 0.9 | 6/20/07 | 0.2 | 8/13/07 | 0.3 |
| 7/5/07 | 2.3 | 2/14/07 | 1.2 | 6/20/07 | 2.7 | | |
| 7/5/07 | 0.3 | 2/14/07 | 0.2 | 6/20/07 | 0.9 | | |
| 7/5/07 | 0.2 | 2/14/07 | 0.3 | 6/25/07 | 3.2 | | |
| 7/5/07 | 0.2 | 2/16/07 | 0.2 | 6/25/07 | 0.8 | | |
| 1/16/07 | 0.8 | 2/19/07 | 1.9 | 6/25/07 | 6.2 | | |
| 1/18/07 | 0.5 | 2/22/07 | 1.9 | 6/27/07 | 4.8 | | |
| 1/18/07 | 1.0 | 2/27/07 | 0.2 | 6/27/07 | 1.5 | | |
| | | 2/27/07 | 0.2 | 7/2/07 | 0.5 | | |

Upon review of the record, the Court **FINDS** that plaintiff has established that his attorney "directly and reasonably" incurred fees relating to the injunctive relief as detailed in the following billing entries:

| Date | Time | Rate[2] | Total |
|---|---|---|---|
| 2/6/07 | 2.3 | 60.00 | 138.00 |
| 2/7/07 | 2.3 | 60.00 | 138.00 |
| 2/7/07 | 2.7 | 60.00 | 162.00 |
| 2/8/07 | 3.3 | 60.00 | 198.00 |
| 2/12/07 | 0.9 | 60.00 | 54.00 |
| 7/9/07 | 3.7 | 60.00 | 222.00 |
| 7/9/07 | 2.1 | 60.00 | 126.00 |
| 7/10/07 | 1.2 | 60.00 | 72.00 |
| 7/10/07 | 1.2 | 60.00 | 72.00 |
| 1/8/07 | 1.2 | 60.00 | 72.00 |
| 1/12/07 | 6.8 | 60.00 | 408.00 |
| 1/16/07 | 1.8 | 60.00 | 108.00 |
| 1/16/07 | 0.3 | 60.00 | 18.00 |
| 1/16/07 | 0.2 | 60.00 | 12.00 |
| 1/17/07 | 0.3 | 60.00 | 18.00 |
| 1/17/07 | 0.3 | 60.00 | 18.00 |
| 1/22/07 | 0.3 | 60.00 | 18.00 |
| 1/25/07 | 1.3 | 60.00 | 78.00 |
| 1/3/07 | 3.1 | 60.00 | 186.00 |
| 1/31/07 | 12.4 | 60.00 | 744.00 |
| 2/21/07 | 3.5 | 60.00 | 210.00 |
| 2/22/07 | 5.7 | 60.00 | 342.00 |
| 6/27/07 | 2.1 | 60.00 | 126.00 |
| 7/3/07 | 0.4 | 60.00 | 24.00 |
| 7/10/07 | 1.2 | 60.00 | 72.00 |
| 7/12/07 | 0.3 | 60.00 | 18.00 |
| 7/12/07 | 1.2 | 60.00 | 72.00 |
| 7/23/07 | 0.5 | 60.00 | 30.00 |
| 7/23/07 | 0.1 | 60.00 | 6.00 |
| 7/23/07 | 0.3 | 60.00 | 18.00 |
| 8/13/07 | 0.7 | 60.00 | 42.00 |
| 8/13/07 | 1.9 | 60.00 | 114.00 |
| 8/15/07 | 0.2 | 60.00 | 12.00 |
| 8/15/07 | 0.5 | 60.00 | 30.00 |
| 8/15/07 | 0.2 | 60.00 | 12.00 |
| 8/17/07 | 4.8 | 60.00 | 288.00 |
| 8/17/07 | 0.2 | 60.00 | 12.00 |
| 8/17/07 | 4.9 | 60.00 | 294.00 |
| **Totals** | 76.4 | 60.00 | 4584 |

---

[2] Under 18 U.S.C. § 3006A(d)(1), plaintiff's attorney is entitled to $40.00 per hour for the out-of-court time he expended, but 42 U.S.C. § 1997e(d)(3) authorizes this Court to award fees at 150% of the rate established under § 3006A. Therefore, the Court will award plaintiff's attorney $60.00 per hour for the time he expended to obtain injunctive relief for plaintiff in this case.

Upon review of the record, the Court **FINDS** that plaintiff's attorney "reasonably and directly" incurred $4,584.00 in obtaining injunctive relief for his client. Plaintiff's attorney is also entitled to the fees he incurred in obtaining his client monetary relief. The fees attributable to that relief, however, cannot exceed 150% of the damages. 42 U.S.C. § 1997e; *Johnson v. Daley*, 339 F.3d 582, 583 (7th Cir. 2003). The jury returned a verdict in favor of plaintiff and against defendants, awarding plaintiff $1.00. Therefore, plaintiff's attorney is entitled to a recovery of $1.50 on plaintiff's monetary award. Accordingly, the Court **AWARDS** $4,585.50 in attorney's fees to plaintiff.

## II.  Out-of-Pocket Expenses

The plaintiff asks this Court to award $1,000 to plaintiff for the out-of-pocket expenses that his attorney incurred in representing him. The defendants do not object to plaintiff's motion. Upon review of the record, the Court **FINDS** that plaintiff's attorney incurred more than $1,000 in defense of plaintiff's case. Accordingly, the Court **AWARDS** an additional $1,000 to plaintiff for out-of-pocket expenses.

## III.  Conclusion

Therefore, the Court awards a total of $5,585.50 in fees and costs to plaintiff's attorney Charles A. Pierce.


**IT IS SO ORDERED.**

**DATED: October 1, 2007.**

                                                             **s/ WILLIAM D. STIEHL**
                                                                 **District Judge**